**IN THE COURT OF APPEALS OF IOWA**

No. 25-1319
Filed October 15, 2025

**IN RE E.P.,**
**Minor Child,**

**J.P., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Joan M. Black,

Judge.


        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Sarah Hradek, Iowa City, for appellant.

        Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

        Sara Strain Linder, Linn County Advocate, Inc., Cedar Rapids, attorney and

guardian ad litem for minor child.


        Considered without oral argument by Schumacher, P.J., and Badding and

Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

A father appeals the termination of his parental rights to his child, challenging the sufficiency of the evidence supporting the grounds for termination, whether termination is in the child's best interests, and whether termination would be detrimental to the child due to the closeness of the parent-child relationship. Upon our review, we affirm.

## I.      Grounds for Termination

The district court terminated the father's parental rights under Iowa Code section 232.116(1)(h) and (i) (2025).  The father challenges the court's order under both grounds.  When the court "terminates parental rights on more than one statutory ground," we may affirm "on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  We focus on section 232.116(1)(h). The father does not dispute the first three elements of that paragraph—the child is three years of age or younger, has been adjudicated in need of assistance, and has been removed from the father's custody for at least six months.  *See* Iowa Code § 232.116(1)(h)(1)–(3).

Rather, he focuses on the fourth element, claiming "[t]he State has failed to prove by clear and convincing evidence that E.P. cannot be returned to [his] care in the 'foreseeable future.'"  However, the fourth element requires proof by "clear and convincing evidence that the child cannot be returned to the custody of the child's parents . . . at the present time."  *Id.* § 232.116(1)(h).  The "present time"— as used in section 232.116(1)(h)—means at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

At the time of the termination hearing in this case, the father was incarcerated and awaiting trial for a charge of first-degree murder following the death of E.P.'s mother on January 7, 2025.[1] When emergency personnel arrived at the family's home that day, the father was intoxicated and belligerent. E.P. was in the father's custody but was removed shortly thereafter.[2] The father has not visited with E.P. since, and a no-contact order prevented contact between them. The father has not actively participated in this case. Even if the father were released from prison, he would need to address his substance-use and domestic-violence issues. Based on these and other facts replete in the record, we agree with the court's finding that the child could not be returned to the father's custody at the time of the termination hearing. Iowa Code section 232.116(1)(h) was satisfied.

## II.     Best Interests and Exception to Termination

Termination also must serve the child's best interests. *See* Iowa Code § 232.116(2). To determine best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* The father claims termination is not in the child's best interests because he used to be E.P.'s "primary caretaker" while the mother worked and he "is innocent until proven guilty."[3] Although we appreciate the interest the father

---

[1] The father has a lengthy criminal history.
[2] The child was placed with the maternal grandmother, who was willing to adopt him.
[3] Even so, as the district court observed, "At best, [the father] was intoxicated to the point that he could not provide care for [E.P.] and failed to provide assistance

claims in maintaining a relationship with the child "from behind bars," we concur with the court that termination of his parental rights is in the child's best interests. *See In re R.V.*, No. 22-1719, 2023 WL 383183, at *3 (Iowa Ct. App. Jan. 25, 2023) (observing it was in the child's best interests to have "greater stability" by being adopted rather than maintaining the father's relationship while he was incarcerated).

The father also claims the "closeness of the parent/child relationship" he has with E.P. should preclude termination pursuant to the permissive exception under section 232.116(3). We conclude that any bond between the father and E.P. is not enough to overcome termination given the child's need for safety and the ability of his current placement to provide it for him. *See In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (declining to apply the bond exception under section 232.116(3)(c) despite "some bond between" the parent and children, as the children had been out of the parent's care for nearly two years and had "achieved stability" in another placement).

We affirm the termination of the father's parental rights.

**AFFIRMED.**

---

to [the mother]. At worst, [the father] murdered [the mother] while [E.P.] was in the home."